FILED
MAILROOM
JUN 26 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

1:26 cv 1857

| | |
|---|---|
| **SHAKIRA LASISI,** | |
|     *Plaintiff,* | **Case No.: TBD** |
| v. | |
| **LYFT EXPRESS DRIVE; THE HERTZ CORPORATION; LYFT, INC.; AMERICAN ARBITRATION ASSOCIATION; PAUL MICKEY, individually; REBECCA REGNIERE, individually; and MATTHEW A. FILIPPINI, individually,** | **JURY TRIAL DEMANDED** |
|     *Defendants.* | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. INTRODUCTION

**1.** Plaintiff Shakira Lasisi brings this action against Defendants for a sustained and coordinated campaign of harassment, retaliation, and financial harm.

**2.** Defendants weaponized the arbitration process to intimidate a *pro se* claimant who dared to assert her legal rights. When Plaintiff raised legitimate complaints about arbitrator misconduct, the response was not correction — it was escalation.

**3.** The harassment became so severe that Plaintiff was forced to contact law enforcement. A criminal complaint has been filed with the Fairfax County Police Department, Mason District Station (**Report No. 2026-1680226**, Officer Pyne).

**4.** This is not an isolated incident. The AAA has engaged in this same pattern of retaliation against Plaintiff in a prior matter. The pattern is clear, documented, and actionable.

10000807170010 1.000037.02.18.000000

**5.** Plaintiff seeks compensation for lost wages, medical and mental health damages, emotional distress, enforcement of a withheld settlement payment, and injunctive relief to stop the ongoing harassment.

## II. JURISDICTION AND VENUE

**6.** This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1332** (diversity of citizenship). The parties are citizens of different states and the amount in controversy exceeds $75,000.

**7.** Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to **28 U.S.C. § 1391**. Plaintiff resides in the Northern Virginia/Falls Church area. A substantial part of the events giving rise to this action occurred within this District.

## III. PARTIES

**8. Plaintiff Shakira Lasisi** is an adult individual residing in the Commonwealth of Virginia. She works as an independent contractor rideshare driver and paralegal.

**9. Defendant Lyft Express Drive** is a vehicle rental program operated jointly by Lyft, Inc. and The Hertz Corporation. Through this program, Plaintiff was provided the defective vehicle at the center of this dispute.

**10. Defendant The Hertz Corporation** ("Hertz") is a corporation incorporated in Delaware, with its principal place of business at 8501 Williams Road, Estero, FL 33928. Hertz operates Lyft Express Drive in partnership with Lyft, Inc.

**11. Defendant Lyft, Inc.** ("Lyft") is a corporation incorporated in Delaware, with its principal place of business at 185 Berry Street, Suite 5000, San Francisco, CA 94107.

**12. Defendant American Arbitration Association** ("AAA") is a non-profit arbitration organization that administered AAA Case No. 01-25-0005-3563.

**13. Defendant Paul Mickey** is sued in his **individual capacity**. He served as the AAA-appointed arbitrator in the above case. Contact: paulfmickeyjr@outlook.com | 202-494-1820.

10000807170010 1.000037.03.18.000000

**14. Defendant Rebecca Regniere** is sued in her **individual capacity**. She served as the AAA case manager assigned to the above case. Contact: RebeccaRegniere@adr.org | 401-431-4848 | 1301 Atwood Ave, Suite 211N, Johnston, RI 02919.

**15. Defendant Matthew A. Filippini** is sued in his **individual capacity**. He served as corporate counsel for Hertz. Contact: Matthew.Filippini@hertz.com | 239-301-6245.

## IV. FACTUAL ALLEGATIONS

### A. Hertz Knowingly Provided a Defective Vehicle

**16.** On **September 18, 2025**, Defendants Lyft Express Drive and Hertz provided Plaintiff with a defective Kia Kona vehicle at 99 H Street NE, Washington, DC.

**17.** The vehicle had **prior front-end damage** and **failed to connect to required boosting systems**. These defects were known or should have been known to Hertz at the time of rental.

**18.** Hertz provided this vehicle with the intent to cause harm and to disrupt Plaintiff's ability to earn income as an independent contractor.

**19.** On **September 19, 2025**, the vehicle was replaced with a 2024 Kia Niro. That vehicle was **not Lyft-approved**, causing Plaintiff to immediately lose her driver eligibility.

**20.** As a result, Plaintiff lost wages from **September 19 through October 4, 2025**, totaling **$326**.

**21.** Defendants also imposed unauthorized charges of **$300** (later reversed), **$99**, and **$400**. A partial credit was issued, but **$69 remains outstanding** and unrefunded.

### B. The AAA's Established Pattern of Institutional Bias

**22.** Plaintiff initiated arbitration (AAA Case No. 01-25-0005-3563) to resolve the vehicle dispute.

**23.** This is not the first time the AAA has engaged in a pattern of retaliation against Plaintiff. In a prior matter — ***Lasisi v. BMW NA, AAA Case No. 01-24-0004-4127*** — Plaintiff experienced identical conduct

10000807170010 1.000037.04.18.000000

after filing a formal complaint against the arbitrator.

**24.** In that prior matter, AAA Case Manager **Jane Renwick** (JaneRenwick@adr.org) and Respondent's counsel **Kellie Lavery** (Husch Blackwell, Kellie.Lavery@huschblackwell.com) engaged in the same pattern: when Plaintiff raised legitimate procedural complaints, the AAA protected opposing counsel and penalized Plaintiff.

**25.** Plaintiff's dispute with attorney Kellie Lavery arising from that matter remains unresolved to this day.

**26.** The AAA's pattern is clear: **when a claimant complains, the AAA retaliates**. Opposing counsel is given preferential treatment. Ethical standards are abandoned. The *pro se* claimant is punished.

**C. The Hostile Hearing and Arbitrator Mickey's Retaliation**

**27.** On **May 18, 2026**, a telephone conference was held before Arbitrator Mickey.

**28.** The hearing was chaotic and hostile. Arbitrator Mickey and Hertz counsel Filippini created an environment of confusion and tension that served no legitimate arbitral purpose.

**29.** Plaintiff, as an independent contractor, had time-sensitive work obligations. She was required to leave the hearing.

**30.** Rather than address the substantive issues, Arbitrator Mickey retaliated. He issued a written directive characterizing Plaintiff's necessary departure as "abrupt" and threatening sanctions against her.

**D. Arbitrator Mickey Is Liable in His Individual Capacity**

**31.** Arbitral quasi-judicial immunity is **not absolute**. It applies only to acts taken *within* the scope of the arbitrator's jurisdiction. *See Olson v. Nat'l Ass'n of Sec. Dealers*, 85 F.3d 381 (8th Cir. 1996); *Corey v. New York Stock Exchange*, 691 F.2d 1205 (6th Cir. 1982).

**32.** On **May 26, 2026**, Plaintiff formally and unambiguously **withdrew her arbitration claim in writing.** Upon withdrawal, the case was closed and Arbitrator Mickey's jurisdiction terminated as a matter of law.

100008071700101.000037.05.18.000000

**33.** Despite this, Arbitrator Mickey continued to act. On **May 27, 2026** — one full day after the formal withdrawal — Mickey, acting through Case Manager Regniere, issued a written directive threatening Plaintiff with **dismissal with prejudice** and **financial penalties** if she did not return to the closed arbitration.

**34.** An arbitrator who acts in **complete absence of jurisdiction** is not entitled to immunity and is personally liable for the harm caused. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

**35.** Accordingly, **Defendant Mickey is sued in his individual capacity** for all acts taken on and after May 26, 2026.

**E. The Harassment Campaign and Police Intervention**

**36.** On **May 28, 2026**, Plaintiff issued a formal **CEASE AND DESIST** notice to all parties. The notice was clear: the case was closed, and all contact must stop immediately.

**37.** The harassment did not stop.

**38.** On **May 29, 2026**, Defendant Regniere sent additional emails to Plaintiff — after receiving the cease and desist notice — continuing to demand Plaintiff's participation in a closed proceeding.

**39.** The relentless harassment caused Plaintiff severe emotional distress. She was forced to contact law enforcement.

**40.** On **May 29, 2026**, Plaintiff placed two calls to the **Johnston, Rhode Island Police Department** from her number **609-200-9037**:

| **Time** | **Number Called** | **Duration** |
|---|---|---|
| 2:23 PM | (401) 231-8100 | ~2 min 45 sec |
| 2:24 PM | (401) 231-4210 | ~2 min 45 sec |

**41.** A criminal complaint was subsequently filed against Defendant Rebecca Regniere with the **Fairfax County Police Department, Mason District Station — Report No. 2026-1680226, Officer Pyne.**

10000807170010 1.000037.06.18.000000

**42.** The harassment has continued through the date of this filing, **June 18, 2026**. Every hour Plaintiff has been forced to spend responding to, documenting, and litigating this conduct — instead of working — constitutes compensable lost wages.

**F. Lyft's Willful Refusal to Honor the Settlement Agreement**

**43.** Plaintiff and Lyft entered into a **binding, fully executed settlement agreement** resolving AAA Case No. 01-25-0005-3563.

**44.** Lyft was obligated to remit the agreed settlement funds to Plaintiff. Lyft has **willfully failed** to do so.

**45.** Lyft's counsel (Sebastian Brana and Ryan Waddell, Ogletree Deakins) falsely claimed the funds were wired to Plaintiff's MoneyLion account ending in 3104.

**46.** However, **MoneyLion Customer Care confirmed in writing on June 17, 2026** that *"MoneyLion does not currently support wire transfer services."* This confirmation proves that the claimed payment could not have been received.

**47.** Lyft's refusal to honor the settlement is a willful breach of contract. Plaintiff is entitled to immediate enforcement of the settlement, the full unpaid amount, pre- and post-judgment interest, and all costs incurred in enforcing the agreement.

## V. CAUSES OF ACTION

**COUNT I — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** *(Against All Defendants)*

**48.** Plaintiff incorporates all preceding paragraphs by reference.

**49.** Defendants' conduct was **extreme and outrageous**, exceeding all bounds of decency tolerated in a civilized society. Specifically:

- Hertz knowingly provided a defective vehicle to disrupt Plaintiff's livelihood.

100008071700101.000037.07.18.000000

- The AAA and its personnel administered a biased arbitration designed to protect corporate respondents.
- Arbitrator Mickey issued retaliatory directives after the case was formally closed and his jurisdiction had terminated.
- Defendant Regniere continued to harass Plaintiff by email after receiving multiple cease and desist notices.
- Defendant Filippini filed a retaliatory fee demand against a *pro se* claimant who had withdrawn from an abusive proceeding.

**50.** Defendants **intended** to cause, or **recklessly disregarded** the probability of causing, severe emotional distress to Plaintiff.

**51.** As a direct and proximate result, Plaintiff has suffered and continues to suffer **severe emotional distress, mental health harm, anxiety, and physical manifestations of stress** requiring medical and mental health treatment.

**COUNT II — TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY** *(Against Lyft Express Drive, Hertz, AAA, Mickey, Regniere, Filippini)*

**52.** Plaintiff incorporates all preceding paragraphs by reference.

**53.** Plaintiff had a valid and ongoing **business expectancy** as an independent contractor rideshare driver.

**54.** Defendants had knowledge of this business expectancy.

**55.** Defendants **intentionally and improperly interfered** with this expectancy by:

- Providing a defective, non-Lyft-approved vehicle that stripped Plaintiff of her driver eligibility;
- Imposing unauthorized charges that disrupted Plaintiff's finances;
- Trapping Plaintiff in an abusive and retaliatory arbitration process that consumed her time and earning capacity from September 2025 through the present.

100008071700101.000037.08.18.000000

**56.** As a direct result, Plaintiff has suffered **lost wages from September 19, 2025 through June 18, 2026, and continuing**.

**COUNT III — CIVIL HARASSMENT** *(Against AAA, Mickey, Regniere, Filippini)*

**57.** Plaintiff incorporates all preceding paragraphs by reference.

**58.** Defendants engaged in a **knowing and willful course of conduct** directed at Plaintiff that seriously alarmed, annoyed, and harassed her.

**59.** This conduct served **no legitimate purpose** after the arbitration was formally withdrawn on May 26, 2026.

**60.** A reasonable person in Plaintiff's position would have suffered, and Plaintiff did suffer, **substantial emotional distress** as a result.

**COUNT IV — BREACH OF CONTRACT / SETTLEMENT ENFORCEMENT** *(Against Lyft, Inc.)*

**61.** Plaintiff incorporates all preceding paragraphs by reference.

**62.** Plaintiff and Lyft entered into a **binding, enforceable settlement agreement**.

**63.** Lyft has **materially breached** the settlement agreement by failing to remit the agreed settlement funds.

**64.** Lyft's claim that payment was made is **demonstrably false**, as confirmed by MoneyLion's written statement that it does not support wire transfers.

**65.** Plaintiff is entitled to **immediate enforcement** of the settlement agreement, the full unpaid settlement amount, pre- and post-judgment interest, and all costs and fees incurred in enforcing the agreement.

**COUNT V — NEGLIGENCE** *(Against Lyft Express Drive and Hertz)*

**66.** Plaintiff incorporates all preceding paragraphs by reference.

100008071700101.000037.09.18.000000

**67.** Defendants Lyft Express Drive and Hertz had a **duty** to provide Plaintiff with a safe, functional, and Lyft-approved vehicle.

**68.** Defendants **breached that duty** by knowingly providing a defective vehicle with prior front-end damage and system failures, and subsequently replacing it with a non-Lyft-approved vehicle.

**69.** As a **direct and proximate result**, Plaintiff suffered lost wages, unauthorized charges, and loss of driver eligibility.

## VI. DAMAGES

**70.** As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the following damages:

10000807170010 1.000037.10.18.000000

| Category | Description | Status |
|---|---|---|
| **Lost Wages — Past** | Lost earnings as independent contractor from Sept. 19, 2025 through June 18, 2026 due to defective vehicle, loss of driver eligibility, and time consumed by abusive arbitration | Ongoing |
| **Lost Wages — Future** | Ongoing and future lost earning capacity resulting from continued harassment and mental health impact | Continuing |
| **Medical / Mental Health** | Costs of medical treatment, therapy, and mental health care necessitated by Defendants' intentional infliction of emotional distress | Ongoing |
| **Emotional Distress** | Compensation for severe and ongoing emotional distress, anxiety, and mental anguish | Ongoing |
| **Settlement Funds** | Full unpaid settlement amount owed by Lyft under the binding settlement agreement, plus pre- and post-judgment interest | Withheld |
| **Unauthorized Charges** | $69 in outstanding unauthorized charges by Hertz | Outstanding |
| **Punitive Damages** | To punish and deter Defendants' willful, malicious, and outrageous conduct | To be determined at trial |
| **Attorney's Fees & Costs** | All fees and costs incurred in bringing and prosecuting this action | To be determined |

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shakira Lasisi respectfully requests that this Court:

**A.** Enter judgment in favor of Plaintiff and against all Defendants on all Counts;

**B.** Award **compensatory damages** for past and future lost wages, medical and mental health expenses, and severe emotional distress in an amount to be proven at trial;

10000807170010100003711.18.000000

**C.** Award **punitive damages** against Defendants Lyft Express Drive, Hertz, AAA, Mickey, Regniere, and Filippini for willful, malicious, and outrageous conduct;

**D.** Order Defendant **Lyft, Inc. to immediately honor and enforce the settlement agreement** and remit all owed funds with pre- and post-judgment interest;

**E.** Issue a **permanent injunction** barring all Defendants from contacting, harassing, or retaliating against Plaintiff in any manner;

**F.** Award **attorney's fees and costs** pursuant to applicable law;

**G.** Award **any other relief** this Court deems just, equitable, and proper.

Respectfully submitted,

Date: **June 18, 2026**

Signature: ____________________

**Shakira Lasisi**

*Pro Se Plaintiff*

609-200-9037

shakira.a.lasisi@gmail.com

100008071700101.000037.12.18.000000